**E-FILED**

Thursday, 22 December, 2005 11:14:59 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

FILED

DEC 2 2 2005

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) U.S. CLERK'S OFFICE<br>ROCK ISLAND, ILLINOIS |
| | ) |
| Plaintiff, | ) Case No. 02 CR 40143-JBM-ALL |
| v. | ) |
| | ) |
| DONALD F. EDWARDS, | ) |
| | ) Chief Judge Joe Billy McDade |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MEMORANDUM ON RESENTENCING UNDER THE NOW
## ADVISORY FEDERAL SENTENCING GUIDELINES

Defendant, Donald F. Edwards, by his attorney, respectfully submits the

following memorandum on his position on resentencing under the now advisory Federal

Sentencing Guidelines. Defendant also moves this Court for the entry of an Order indicating that

it would impose a lower sentence on Defendant if his case is fully remanded to this Court for

resentencing, and in support thereof, states as follows:

### I.    Introduction

The Supreme Court's decision in *Booker* fundamentally changed the landscape of

federal sentencing. *United States v. Booker*, 125 S.Ct. 738 (2005). The decision relegated the

Federal Sentencing Guidelines ("Guidelines") from mandatory to merely advisory. *Id.* at 764-

65. Further, the Supreme Court instructed sentencing courts that they are no longer forced to

rely solely on the Guidelines, but must also consult the sentencing factors listed in 18 U.S.C. §

3553(a) as well. *Id.* at 757, 765-66. Now that this Court is allowed to weigh the sentencing

factors in § 3553(a), it is clear that Mr. Edwards' current sentence is far "greater than necessary, to comply with the purposes" of the Sentencing Guidelines. 18 U.S.C. § 3553(a). A sentence of 121 months for Count One[1] would more than satisfy the sentencing purposes listed in § 3553(a)(2), and would properly account for the factors under § 3553(a)(1), (3)-(7), including Mr. Edwards' age, health, crime, and good behavior.

## II.    Factual Background

### A.    Indictment

On June 19, 2002, Donald F. Edwards was charged in a four-count indictment alleging possession with intent to distribute at least 50 grams of methamphetamines, 21 U.S.C. § 841 ("Count One"), two counts of carrying firearms during and in relation to a felony drug trafficking crime, 18 U.S.C. § 924 ("Count Two" and "Count Three"), and possession of firearms by a felon, 18 U.S.C. § 922 ("Count Four"). Count Three was dismissed by motion of the Government on October 1, 2003.

On August 21, 2002, Mr. Edwards filed a motion to suppress evidence from the traffic stop. A hearing was held on September 5 and 6, 2002. The District Court denied the motion on September 6, 2002. On January 6, 2003, Mr. Edwards filed a motion for reconsideration of the ruling on the motion to suppress evidence. On January 10, 2003, the district court denied Defendant's motion for reconsideration.

---

[1] In this limited remand, the Court is only reviewing the 188-month Guidelines sentence for Count One (the methamphetamine count). *United States v. Edwards*, No. 04-1349, slip op. at 5 (7th Cir. June 20, 2005). Consecutive to his sentence for Count One, Mr. Edwards will still be required to serve an additional 60 months (the mandatory minimum) for his conviction on Count Two. 18 U.S.C. § 924(c)(1)(A)(i). The sentence for Count Two was not appealed, but it should be noted that, along with the Federal Sentencing Guidelines, mandatory minimums have been heavily criticized by Justice Anthony Kennedy as "unfair, unjust, unwise." *See infra* note 4.

2

Defendant's trial began on September 29, 2003 and continued until October 1,
2003, at which time a jury found Mr. Edwards guilty on the three remaining counts.

On February 5, 2004, the District Court sentenced Mr. Edwards to be imprisoned
for 188 months on Count One, 60 months on Count Two, to run consecutively with Count One,
and 120 months on Count Four, to run concurrently with Count One – for a total of 248 months
of incarceration.

## B.    Presentence Report

Applying the November 1, 2003 edition of the Federal Sentencing Guidelines
Manual (PSR ¶ 16), the Presentence Report ("PSR") gave the following guideline sentencing
calculations for Mr. Edwards: Mr. Edwards received a base level offense of 34. (PSR ¶ 19).
The base level offense calculation was based on the amount of methamphetamines in Mr.
Edwards' possession, which included the conversion of the money found in Mr. Edwards' car
into an approximate amount of methamphetamines. (PSR ¶¶ 10-11). His sentence then received
a two-level enhancement for obstruction of justice (PSR ¶ 23), for a total adjusted offense level
of 36. (PSR ¶ 26).

With a total offense level of 36 (PSR ¶ 26), and a criminal history category of III,
(PSR ¶ 38), Mr. Edwards' Guideline sentencing range was 235-293 months, in addition to a
statutorily mandatory consecutive, sixty-month sentence for Count Two. (PSR ¶ 82).

Mr. Edwards' counsel entered two objections to the PSR. (Sent. Tr. at 6, 17.)
First, counsel objected that the base offense level was based on a drug weight that included a
conversion of the cash recovered in Mr. Edwards' car into an approximate amount of

3

methamphetamine. (Sent. Tr. at 6.) Second, counsel objected to the two-level enhancement Mr.
Edwards received for "obstruction of justice" under U.S.S.G. § 3C1.1. (Sent. Tr. at 17.)

## C.    Sentencing Hearing

On April 5, 2004, the case proceeded to sentencing. The District Court sustained
Mr. Edwards' objection to the base offense level that included the conversion of the cash into an
approximate amount of methamphetamine and reduced the base level offense to 32. (Sent. Tr.
17.) However, the District Court overruled Mr. Edwards' objection to the obstruction of justice
enhancement. (Sent. Tr. 22.) With a total offense level of 34, and a criminal history category of
III, Mr. Edwards' Guideline sentencing range was 188-235 months, subject to a statutorily
mandatory sixty-month sentence for Count Two to run consecutive with any other term of
imprisonment. (Sent. Tr. 22-23.)

Without explanation, the District Court sentenced Mr. Edwards to the lowest
sentence in the sentencing guideline range --188 months -- for Count One, and the mandatory 60
months on Count Two, to run consecutively with Count One, and the mandatory minimum of
120 months on Count Four, to run concurrently with Count One. (Sent. Tr. 28-31.)

## D.    Appeal

Defendant filed a timely Notice of Appeal on February 5, 2004. Defendant
appealed both the District Court's ruling in the suppression hearing and the Defendant's two-
level sentencing enhancement based on the Supreme Court's ruling in *Booker*, 125 S.Ct. 738.

On appeal, Mr. Edwards' case was fully briefed and argued before the Seventh
Circuit on April 20, 2005. On June 20, 2005, the Seventh Circuit issued an opinion. *United*

4

*States v. Edwards*, No. 04-1349, slip op. (7th Cir. June 20, 2005). In its ruling, the Court upheld

the District Court's ruling at the suppression hearing, but ordered a limited remand pursuant to

its decision in *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). Specifically, the Seventh

Circuit stated,

> Mandatory application of the [Federal Sentencing] guidelines
> violates *Booker*, and unless we can be certain from the record that
> the district court would have imposed the same sentence under the
> now-advisory guidelines, *Paladino* requires a limited remand to
> ask the district court what it would have done under an advisory
> system, *id.* at 483-84. In this case, the district court gave no
> indication why it sentenced Edwards to the low end of the
> guideline range, nor did it make any comments or statements on
> the mandatory nature of the guidelines. Thus, it is difficult for us
> to be certain how the district court would have proceeded had it
> known the guidelines were not mandatory. Accordingly, we order
> a limited remand, while retaining jurisdiction, to ask the district
> court whether it would have imposed the same sentence under an
> advisory regime.

*Edwards*, No. 04-1349, slip op. at 5.

## III.    Sentencing Principles Post-*Booker*

The landscape of federal sentencing has changed vastly since Mr. Edwards was

originally sentenced by this Court. In *Booker* the Supreme Court held that the Federal

Sentencing Guidelines violated the Sixth Amendment right to trial by jury. *Booker* 125 S.Ct. at

755-56. As a remedy, a separate majority of the Court held that 18 U.S.C. § 3553(b)(1), which

mandated the use of the Guidelines, must be "sever[ed] and excise[d]" from the Sentencing

Guidelines. *Id.* at 764. This majority held that courts "must consult those Guidelines and take

them into account," but must also consider the sentencing directives set forth in 18 U.S.C.

§3553(a). *Id.* at 757, 765-66. Thus the Guidelines are now just one of a number of sentencing

factors the court must consider. *See United States v. Cunningham*, 429 F.3d 673, 675-76 (7th

5

Cir. 2005) ("[T]he sentencing judge may not rest on the guidelines alone, but must, if asked by
either party, consider whether the guidelines sentence actually conforms, in the circumstances, to
the statutory factors. He cannot treat all sentences that would fall within the guidelines
sentencing range as reasonable per se.") (citations omitted).

In this limited remand, the Seventh Circuit has asked "whether [this Court] would
have imposed the same sentence under an advisory regime." *Edwards*, No. 04-1349, slip op. at
5. To answer this question this Court is now able to (and required to) evaluate the variety of
factors listed in 18 U.S.C. § 3553(a), including the "history and circumstances of the defendant."
In the pre-*Booker* sentencing regime, this Court was prevented from reviewing these factors.
The Guidelines generally prohibited courts from evaluating a defendant's age, education, socio-
economic status, mental and emotional conditions, physical condition, and other factors clearly
relevant to the defendant's "history and circumstances." *Compare* 18 U.S.C. § 3553(a), *with*
U.S.S.G. § 5H1.1-6, 10-12. *See also United States v. Simon*, 361 F. Supp. 2d 35, 40 (E.D.N.Y.
2005) (noting tension between 18 U.S.C. § 3553(a) and U.S.S.G. § 5H1); *United States v. Myers*,
353 F. Supp. 2d 1026, 1028 (S.D. Iowa 2005) (same); *United States v. Ranum*, 353 F. Supp. 2d
984, 985-86 (E.D. Wis. 2005) (same). In addition, 18 U.S.C. § 3661 also instructs courts that
"No limitation shall be placed on the information concerning the background, character, and
conduct of a person convicted of an offense which a court of the United States may receive and
consider for purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.

While the Guidelines must still be considered, the Guidelines cannot be accorded
any more or less weight than the other factors listed in 18 U.S.C. § 3553(a). *See Booker*, 125
S.Ct. at 767; *Ranum*, 353 F. Supp. 2d at 986-87; *Myers*, 353 F.Supp.2d at 1026; *Simon*, 361 F.
Supp. 2d at 40; *United States v. Biheiri*, 356 F. Supp. 2d 589, 593, 594 n.6 (E.D. Va. 2005)

6

("[T]he Guidelines sentencing range is not entitled to 'heavy weight' . . . ."). Giving the

Guidelines presumptive or heavy weight would ignore the factors in § 3553(a) and would

continue to treat the Guidelines as mandatory. *Myers*, 353 F.Supp.2d at 1028; *see also United*

*States v. Fagans*, 406 F.3d 138, 141 n.1 (2d Cir. 2005) (noting "compulsory use of the

Guidelines" constitutes a "statutory error in that section 3553(a)(4)(A) was relied on to the

exclusion of the other factors specified in section 3553(a)"); *Simon*, 361 F. Supp. 2d at 40

("[T]he greater the weight given to the Guidelines, the closer the Court draws to committing the

act that *Booker* forbids . . . ."); *Ranum*, 353 F. Supp. 2d at 986-87 ("[W]here the guidelines

conflict with other factors set forth in § 3553(a), courts will have to resolve the conflicts.");

*United States v. Perry*, 389 F. Supp. 2d 278, 307 (D.R.I. 2005) ("This Court, too, will not blindly

apply the Guideline range, for to do so would be to disregard the Supreme Court's directive in

*Booker/Fanfan* to fashion a reasonable sentence in light of the § 3553(a) factors.").

While the Seventh Circuit has held that sentences within the Guidelines are

"entitled to a rebuttal presumption of reasonableness," *United States v. Mykytiuk*, 415 F.3d 606,

608 (7th Cir. 2005), any suggestion that a sentence outside the guidelines is necessarily

unreasonable is contradicted by the plain language of the statute and the Supreme Court's ruling

in *Booker*.[2] Indeed, in his dissent in *Booker*, Justice Scalia specifically noted that "any system

---

[2] Yet, the Department of Justice ("DOJ") has apparently taken just this position. In its January
28, 2005 memorandum on "Department Policies and Procedures Concerning Sentencing," the
DOJ instructed federal prosecutors that "in any case in which the sentence imposed is below
what the United States believes is the appropriate Sentencing Guideline range . . . federal
prosecutors must oppose the sentence . . . ." Memorandum from James B. Comey, Deputy
Attorney General, to All Federal Prosecutors (Jan. 28, 2005), available at
http://sentencing.typepad.com/sentencing_law_and_policy/files/dag_jan_28_comey_memo_on_
booker.pdf; *see also United States v. Williams*, 372 F.Supp.2d 1335, 1337 (M.D. Fla. 2005);
*United States v. Huerta-Rodriguez*, 355 F. Supp. 2d 1019, 1025 (D. Neb. 2005); *United States v.*
*Kelley*, 355 F. Supp. 2d 1031, 1036 (D. Neb. 2005). In taking such a position the DOJ is, in
essence, ignoring the Supreme Court's decision in *Booker* and continuing to treat the Sentencing

which [holds] it *per se* unreasonable (and hence reversible) for a sentencing judge to reject the

Guidelines is indistinguishable from the mandatory system" that the *Booker* court rejected.

*Booker*, 355 F. Supp. 2d at 794 (Scalia, J. dissenting); *see also United States v. Huerta-*

*Rodriguez*, 355 F. Supp. 2d 1019, 1025 (D. Neb. 2005). Section 3553(a) directs courts to impose

"a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing

set forth in 3553(a)(2). To accomplish this a court must necessarily be able to give a sentence

outside the Guideline range.[3] Indeed, the Supreme Court held that its ruling in *Booker* "permits

the court to tailor the sentence [under the Guidelines] in light of other statutory concerns as well,

*see* § 3553(a)(Supp. 2004)." *Booker*, 125 S.Ct. at 757. Thus, this Court is "free to disagree . . .

---

Guidelines as mandatory. *Booker*, 355 F. Supp. 2d at 794 (Scalia, J. dissenting); *Huerta-Rodriguez*, 355 F. Supp. 2d at 1023, 1025; *see also Williams*, 372 F.Supp.2d at 1337-38.

The court in *Williams* also recognized potential Constitutional problems in the DOJ's position: "[T]he Constitution supplies the judicial branch as an independent check in a system prone to domination by executive discretion." *Williams*, 372 F.Supp.2d at 1338. Further,

> The judicial branch bears the duty to moderate independently the fact-specific
> trials and punishments rendered in federal court. The Court cannot fulfill its duty
> by relying exclusively on a fixed equation that supposedly translates generalities
> to unexceptionally reasonable and right judgments . . . . Because the
> government's position [that a sentence outside of the Guideline range is
> presumptively unreasonable] is contrary to *Booker* and is inconsistent with the
> fundamental separation of powers essential in our form of government, the Court
> rejects the government's argument.

*Id.*

[3] Since *Booker*, courts have increasingly imposed sentences below the Guideline range. The court in *United States v. Perry* noted that the percentage of below-Guidelines sentences given (for reasons other than government-sponsored or § 5k downward departures) had nearly doubled, increasing from 7% of sentences pre-*Booker* to 13.1% of sentences post-*Booker*. 389 F. Supp. 2d at 300 (citing United States Sentencing Commission, *2003 Sourcebook of Federal Sentencing Statistics* 56 n.2, 57, 59 n.2, available at http://www.ussc.gov/ANNRPT/2003/ar03toc.htm; U.S. Sentencing Commission, Special Post-Booker Coding Project, *Information for All Cases—Cases Sentence Subsequent to U.S. v. Booker (Data Extraction as of July 12, 2005)*, Aug. 3, 2005, at 1, available at: http://www.ussc.gov/Blakely/PostBooker_080805.pdf.

with the actual range proposed by the guidelines, so long as the ultimate sentence is reasonable
and carefully supported by reasons tied to the § 3553(a) factors."[4] *Ranum,* 353 F. Supp. 2d at
987; *see also United States v. Galvez-Barrios,* 355 F. Supp. 2d 958, 964 (E.D. Wis. 2005)
("[C]ourts need not strictly justify sentences by reference to the guidelines or identify
non-heartland factors to justify sentences above or below the guidelines range.").

A review of Mr. Edwards' sentence in light of the factors in § 3553(a)

demonstrates that his sentence of 188 months for Count One is beyond what is required to satisfy

§ 3553(a)(2), and that a sentence of 121 months would be more appropriate.

## IV.    Application of § 3553(a) Factors to Mr. Edward's Case

In *Booker,* the Supreme Court instructed courts that they were no longer forced to

apply the Guidelines, but must look at the factors in Section 3553(a) when imposing a sentence.

___

[4] Even before the Supreme Court's decision in *Booker,* a number of legal authorities were
expressing concern that sentences under the Guidelines were too lengthy and unjust. Justice
Kennedy flatly declared that "The Federal Sentencing Guidelines should be revised downward."
Justice Anthony M. Kennedy, Speech at the American Bar Association Annual Meeting (Aug. 9,
2003), available at http://www.supremecourtus.gov/publicinfo/speeches/sp_08-09-03.html.
Justice Kennedy also stated that judges should not have to "follow, blindly, these unjust
guidelines" and that "federal judges that depart downward are courageous." Gina Holland,
"Justice Applauds Bucking Sentencing Law," (Mar. 17, 2004), available at
http://www.nlada.org/DMS/Documents/1079729849.18/20040317144504_18.html. The ABA
too criticized the Guidelines and urged Congress to revisit the Guidelines for a variety of
reasons, arguing that "judicial discretion, exercised openly on the record and subject to judicial
review, is necessary to assure that a guideline system actually treats, and appears to treat,
offenders as human beings." ABA Justice Kennedy Commission, Reports with
Recommendations to the ABA House Delegates, at 41, August 2004 (available at
http://www.abanet.org/crimjust/kennedy/JusticeKennedyCommissionReportsFinal.pdf). Chief
Justice William Rehnquist expressed similar concern. Responding to the proposed Feeney
Amendment (Pub. L. No. 108-21, 117 Stat. 650, 668-69, 671-73 (2003)), which greatly restricted
judges' power to depart from the Guidelines, Chief Justice Rehnquist argued that the amendment
"would seriously impair the ability of courts to impose just and responsible sentences." (Letter
from Chief Justice William H. Rehnquist to Senator Patrick Leahy (reprinted at 15 Fed.Sent.R.

9

*Booker*, 125 S.Ct. at 767. These factors include (1) the nature of the offense, and the history of
the defendant; (2) the need for the sentence to punish, deter and rehabilitate; (3) the kinds of
sentences available; (4) the advisory guideline range; (5) pertinent policy statements under
Section 994; (6) avoidance of sentencing disparities; and (7) providing of restitution to the
victims. 18 U.S.C. § 3553(a). Application of these factors to the case of Mr. Edwards should
result in a sentence lower than the range provided in the Federal Sentencing Guidelines.

## 1.    Nature and Circumstances of the Offense, and the History of the Defendant

### a.    Nature and Circumstances of the Offense

Paragraphs four to seven of the PSR explain the specific nature and circumstance
of the instant offense. However, several key factors need to be emphasized. First, Mr. Edwards
was only convicted for crimes of possession. Mr. Edwards was not charged with any crimes of
violence, nor were there any direct victims. (PSR ¶¶ 12, 21.)

Second, while Mr. Edwards was convicted of possessing contraband items, the
items could only be linked to him through constructive possession. Neither of the guns were
found on Mr. Edwards, nor were they even in his reach.[5] (PSR ¶ 7.) Further, Mr. Edwards'
fingerprints were not found on the bag containing the methamphetamines, nor were his
fingerprints found on any of the firearms. (Trial Tr. 194-95.) While not diminishing the
seriousness of the crimes, the facts of Mr. Edwards' conviction are such that a sentence within
the Federal Sentencing Guidelines range is unwarranted.

---

341)).

10

**b.      History and Characteristics of Mr. Edwards**

Now that this Court has the power to consider Mr. Edwards' history and
characteristics, a sentence below the Guidelines is clearly necessary.

First, the court can now take into account Mr. Edwards' serious health problems.
Mr. Edwards has suffered from hemophilia throughout his life. (PSR ¶ 65.) Because of this rare
blood disease, Mr. Edwards must endure excessive and sometimes spontaneous bleeding. (PSR
¶ 65.) As a child, his disease led to a long stay in the hospital. (PSR ¶ 65.) This disease also
robbed Mr. Edwards of a normal childhood and forced his parents to raise him "in a glass shell,"
which led to a "dysfunctional life," his sister stated. (PSR ¶ 65.) Mr. Edwards' health problems
necessitate a lower sentence. *See Simon*, 361 F. Supp. 2d at 42-43, 49 (supporting below-
Guidelines sentence by noting that Defendant's health was "substantially more impaired than
most defendants" and this rendered Defendant "a greater burden on the federal prison system,
and incarceration a greater burden on [defendant]"); *United States v. Nellum*, No. 2:04-CR-30-
PS, 2005 WL 300073, at *4 (N.D. Ind. Feb. 3, 2005) (noting defendant's serious medical
problems when giving below-Guideline sentence).

Second, while Mr. Edwards does have prior convictions, the majority of his
convictions occurred over 25 years before the present conviction. (*See* PSR ¶¶ 29-37.) At the
time of his arrest, Mr. Edwards had not been convicted of a violent offense for over seven years.
(PSR ¶ 37.) In addition, Mr. Edwards' convictions have largely been for petty, non-violent
offenses (PSR ¶¶ 29-37), and did not reach the level of "career offender" as defined under
Section 994(h) and U.S.S.G. § 4B1.1. (PSR ¶ 27.)

---

[5] One gun was in the passenger side door and the other in the trunk of the car. (PSR ¶ 7).

Finally, as further evidence of his character, Mr. Edwards has proved himself to

be a model prisoner. (*See* Edwards Progress Report ("Prog. Rep.") (Nov. 16, 2005), attached as

Ex. A.) Mr. Edwards' work supervisor lauded him, as "an outstanding worker who has greatly

assisted the[] department." (Prog. Rep. at 2.) Further, Mr. Edwards has both finished his GED,

as well as completed 150 hours of adult continuing-education programs. (Prog. Rep. at 2.)

## 2. The Need for the Sentence to Punish, Deter, and Rehabilitate

Section 3553(a)(2) instructs the Court to consider the many purposes of imposing

a sentence, including:

(A) to reflect the seriousness of the offense to promote respect for the law, and to
provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training,
medical care, or other correctional treatment in the most effective manner.
18 U.S.C. § 3553(a)(2).

Mr. Edwards is not disputing the seriousness of his offense and the need for him

to serve a lengthy term of incarceration. However, given the factors that this Court can now

consider, a term of incarceration of 121 months for Count One, coupled with the mandatory 60-

month sentence for Count Two, for a total sentence of 181 months, is more than sufficient to

fulfill the factors of 3553(a)(2).

A fifteen-year jail sentence is not short. This lengthy sentence adequately reflects

the seriousness of the crime, as well as provides adequate deterrence to him and to others. This

sentence sends the signal that methamphetamine violations will be given harsh penalties. *See*

*Perry*, 389 F. Supp. 2d at 303 ("A sentence in the range of 188 to 235 months would operate as a

specific deterrent to further crimes by this Defendant; but this can be said of any extremely long

12

sentence. So long as the Defendant is in prison, he is 'deterred' from further committing criminal offenses.").

In addition, a total sentence of 121 months for Count One and 60 months for Count Two would protect the public from future crimes by the defendant. Because the chance of recidivism decreases dramatically as a defendant ages, Mr. Edwards' advanced age necessitates a sentence lower than the 188 months dictated by the Guidelines. At sentencing, Mr. Edwards was 58 years old. (PSR ¶ 53.) With a total sentence of 248 months and a projected release date in the year 2020, Mr. Edwards will be 74 years old when he is released. (Prog. Rep. at 1.) At this age, Mr. Edwards will have long ceased to be a threat to society or a likely re-offender. Data compiled by the U.S. Sentencing Commission (and recently cited by the Northern District of Indiana) demonstrates that the likelihood of recidivism decreases dramatically as offenders get older. *See Nellum*, 2005 WL 300073, at *3 ("The likelihood of recidivism by a 65 year old is very low . . . . [T]he trend of decreasing recidivism continues downward after the age of 50" and "is impossible to deny."); *see also Simon*, 361 F. Supp.2d at 48 (imposing lesser sentence because the Guidelines fail to account for lower recidivism rates among older defendants).

Further, Mr. Edwards demonstrated that upon release he will be able to reintegrate into society in a productive manner. As noted above, his supervisor has praised Mr. Edwards as "an outstanding worker who has greatly assisted the[] department." (Prog. Rep. at 2.) The low statistical likelihood of Mr. Edwards' recidivism along with his taking advantage of educational and vocational opportunities strongly supports a sentence below the Guideline range.

13

### 3.    The Kinds of Sentences Available

Mr. Edwards is currently serving his lengthy term of imprisonment at the Federal
Correctional Institute in Phoenix, AZ. His sentence also includes five years of supervised release
and a $1500 fine, as well as a $300 special assessment. These aspects of his sentence were
appropriate.

### 4.    The Advisory Guideline Range

As stated above, (Section II.C.), with a total offense level of 34 (Sent. Tr. at 22),
and a criminal history category of III (PSR ¶ 38), Mr. Edwards' advisory guideline range was
188-235 months, along with a statutorily mandatory (and statutorily consecutive) sixty months
on Count Two. (Sent. Tr. at 22.) However, as explained herein, consideration of the factors in §
3553(a) demonstrate that this sentence is "greater than necessary, to comply with the purposes
set forth in [18 U.S.C. § 3553(a)(2)]."

### 5.    Pertinent Policy Statements Under Section 994

There are no known pertinent policy statements under Section 994 applicable to
this case.

### 6.    The Need to Avoid Unwarranted Sentencing Disparities

A sentence given below the Guidelines would not create any unwarranted
sentencing disparities. First, Mr. Edwards had no co-defendants with which there would be
disparity. Second, there would be no disparity with other defendants charged with similar

14

crimes. [6] The Defendant here has requested a sentence of 121 months for the methamphetamines

count. The fact this sentence is still above the statutory minimum of 120 months under 21

U.S.C. § 841(b)(1)(A)(viii) precludes any unwarranted disparities. In addition, there is only a

need to avoid *unwarranted* sentencing disparities. Any disparity with defendants with a similar

criminal history would be warranted by the factors discussed above, including Mr. Edwards' age,

health, and the details of Mr. Edwards' crime. *See, e.g., United States v. Moreland,* 366 F. Supp.

2d 416, 423 (S.D. W. Va. 2005); *United States v. Jaber,* 362 F. Supp. 2d 365, 376 (D. Mass.

2005).


### 7.    The Need to Provide Restitution

As Mr. Edwards' convictions were for victimless crimes. The need to provide

restitution is not a factor that needs to be considered. (PSR ¶¶ 12, 21.)


### V.    Conclusion

The Seventh Circuit requested this Court to consider whether it would re-impose

the same sentence knowing now that the Sentencing Guidelines are merely advisory. In its

consideration, the Court should exercise its discretion and consider all of the factors listed in 18

U.S.C. § 3553(a), in addition to the Federal Sentencing Guidelines. These factors indicate that a

---

[6] Notably, there would also be no disparity with those convicted of methamphetamine crimes in
Illinois state court. If these charges had been brought in Illinois court, Mr. Edwards could have
received a sentence as short as 72 months – a nearly ten year gulf between the minimum in Mr.
Edwards' Guideline range and the state court minimum. 720 ILCS 646/55(a)(2)(C). (The
maximum sentence under the Illinois statute is 360 months. *Id.*) This disparity between federal
and state sentences was a specific concern raised by Justice Kennedy. Justice Anthony M.
Kennedy, Speech at the American Bar Association Annual Meeting (Aug. 9, 2003), available at
http://www.supremecourtus.gov/publicinfo/speeches/sp_08-09-03.html, ("If he had taken an exit
and left the federal road, his sentence likely would have been measured in terms of months, not
years."). It is only because of the unreviewable decision of a prosecutor that these charges were
brought in federal, instead of state court, even though Mr. Edwards was arrested by a state

15

more appropriate sentence for Count One would be lower than the 188 month sentence previously imposed. Mr. Edwards respectfully requests that this Court not reimpose the same sentence, and, instead impose a sentence of 121 months for Count One.

---

officer.

Respectfully submitted,

Donald F. Edwards

By:_____

Charles J. Biro
SIDLEY AUSTIN BROWN & WOOD LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

Dated: December 22, 2005

17

# EXHIBIT A

BP S 187.058 **PROGRESS REPORT** CDPRM

P.S. 5803.07
3/16/98

Attachment A, Page 1

UNITED STATES DEPARTMENT OF JUSTICE      FEDERAL BUREAU OF PRISONS

| Institution Name, Address, and Phone Number<br>Federal Correctional Institution<br>37900 N. 45th Avenue<br>Phoenix, Arizona 85086 (623)465-9757 | Date<br><br>November 16, 2005 | |
|---|---|---|

**Inmate Reviewed**

| Inmate's Signature | Date<br>11/16/05 | Staff Signature |
|---|---|---|

1. Type of Progress Report:

Initial      Statutory Interim      Pre-Release

Transfer      X Triennial      Other (Specify): _____

| 2. Name<br>EDWARDS, Donald F. | 3. Register Number<br>12977-026 | 4. Age (DOB)<br>59 / 03-22-1946 |
|---|---|---|

5. Present Security/Custody Level
   Medium/In

6. Offense/Violator Offense
   Possession With Intent to Distribute Methamphetamine, Carrying Firearms During a Drug Trafficking
   Crime, and Felon in Possession of Firearms

7. Sentence
   248 Months with Five Year Supervised Release, $300 Special Assessment, $1,500 Fine

| 8. Sentence Began<br><br>02-05-2004 | 9. Months Served + Jail Credit<br><br>21 Months + 611 Days JCT | 10. Days GCT/or EGT/SGT<br><br>0/0/162 |
|---|---|---|
| 11. Days FSGT/WSGT/DGCT<br>0/0/0 | 12. Projected Release<br>06-04-2020, Good Conduct<br>Time | 13. Last USPC Action<br>N/A |

14. Detainers/Pending Charges
   None known

15. Codefendants
   N/A

Record Copy - Inmate File; copy - U.S. Probation Office; copy - Parole Commission Regional Office (If applicable); copy - Inmate

(This form may be replicated via WP)      Replaces all BP-CLASS 3 and BP-187(58) of Nov 90

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS

### PROGRESS REPORT - CONTINUED
### PAGE TWO

Committed Name: EDWARDS, Donald F.    Reg. No.: 12977-026   Date: **November 16, 2005**

16. **INSTITUTIONAL ADJUSTMENT:** Mr. Edwards has not been a management problem at this facility. Overall, his adjustment has been considered good.

   a. **Program Plan** - Mr. Edwards was classified at FCI Phoenix on April 14, 2004. He was programmed to obtain a work assignment, attend Narcotics Anonymous, enroll in education programs, and maintain clear institutional conduct. At subsequent program reviews, Mr. Edwards has been encouraged to complete the Drug Education course, enroll in the Computer VT program, and complete his court ordered financial obligations.

   b. **Work Assignments** - Mr. Edwards is assigned to the Communications Shop. Detail supervisors rate him as an outstanding worker who has greatly assisted their department.

   c. **Educational / Vocational Participation** - Mr. Edwards completed his GED in May of 2005. Besides completing his GED, Mr. Edwards has completed 150 hours of adult continuing education programs during his incarceration.

   d. **Counseling Programs** - Mr. Edwards is currently on the waiting list for the Drug Education course. He participates in correctional counseling as needed.

   e. **Incident Reports** - Mr. Edwards has received the following incident report:
   UDC
   12-08-2004 1288614 332 SMOKING IN UNAUTHORIZED AREA

   f. **Institutional Movement** - Mr. Edwards was designated to FCI Phoenix on March 3, 2004. There has been no further movement.

   g. **Physical and Mental Health** - Mr. Edwards is assigned to regular duty with the medical restriction of no Food Service work. He has shown no need for mental health intervention during his stay at this facility. Mr. Edwards should be considered fully employable upon his release.

   h. **Progress on Financial Responsibility Plan** - Mr. Edwards is making $25 quarterly payments on his court ordered financial obligations. He currently owes $175 on his Special Assessment and $1,500 on his Fine.

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS

PROGRESS REPORT - CONTINUED
PAGE THREE

Committed Name: EDWARDS, Donald F.  Reg. No.: 12977-026  Date: **November 16, 2005**

## 17. RELEASE PLANNING:

Due to Mr. Edwards' release date, he has no firm release plans at this time.

- **a. Residence:** To be secured

- **b. Employment:** To be secured

- **c. USPO:** Central District of Illinois

- **d. Release Preparation Program:** Mr. Edwards is scheduled to participate in the institutional Release Preparation Program in December of 2017.

**OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 USC 4042 (B), VIOLENT CRIME CONTROL ACT AND LAW ENFORCEMENT ACT OF 1994, DUE TO HIS CURRENT CONVICTION OF A DRUG TRAFFICKING CRIME AND A PRIOR CRIME OF VIOLENCE.**

**18. TYPED BY:**  WILLIAM KLEWER, CASE MANAGER

**19. DATE TYPED:**  November 16, 2005

**20. REVIEWED BY:**  S. BEAUCHAMP, UNIT MANAGER

## CERTIFICATE OF SERVICE

Charles J. Biro, an attorney, hereby certifies that on December 22, 2005, he caused true and correct copies of the foregoing DEFENDANT'S MEMORANDUM ON RESENTENCING UNDER THE NOW ADVISORY FEDERAL SENTENCING GUIDELINES, to be served on the following:

### BY FEDERAL EXPRESS AND FACSIMILE:

John K. Mehochko
Assistant United States Attorney
1830 Second Ave.
Rock Island, IL 61201
(309) 793 5895 (f)

Charles J. Biro

19

CHI 3387194v.1